IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR - 2 2005

CLERK, U.S. DISTRICT COURT
By _____
           Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | |
| FRANCISCO FLORES, Jr. | § | |
| a/k/a "Tank"  (01) | § | Case No. |
| MOISES LOPEZ | § | |
| a/k/a "Moy"  (02) | § | Filed Under Seal |
| JOHN BARRETT GROTE | § | |
| a/k/a "Jeb"  (03) | § | |
| CHELSEA LANE COFFMAN  (04) | § | 305 CR- 30-K |
| PRISCILLA PENA  (05) | § | |

## INDICTMENT

The Grand Jury Charges:

### Count One
Conspiracy to Possess with Intent to Distribute and to Distribute
More than 50 grams of Methamphetamine
(Violation of 21 U.S.C. §§ 846 and 841(b)(1)(A))

Commencing on or about June 1, 2000, the exact date being unknown, and continuing thereafter until at least April 28, 2004 in the Dallas Division of the Northern District of Texas, and elsewhere, the defendants **Francisco Flores, Jr., a/k/a "Tank", Moises Lopez, a/k/a "Moy", John Barrett Grote, a/k/a "Jeb", Chelsea Lane Coffman,** and others, both known and unknown to the Grand Jury, did intentionally and knowingly combine, conspire, confederate, and agree to engage in conduct in violation of the Controlled Substances Act, namely: to possess with intent to distribute and to

Indictment - Page 1

distribute more than 50 grams of pure methamphetamine, a Schedule II controlled substance.

### *Manner and Means*

Among the manner and means used by the conspirators to promote, facilitate, and carry on the aforesaid conspiracy were the following:

1. It was a part of the conspiracy that the conspirators would purchase and sell a translucent crystalline form of methamphetamine of high purity, commonly referred to as "ice".

2. It was a part of the conspiracy that defendant **Moises Lopez, a/k/a "Moy"** would distribute bulk quantities, that is amounts in excess of five pounds, of "ice" methamphetamine to defendant **Francisco Flores, Jr., a/k/a "Tank"**, for further distribution to others.

3. It was a part of the conspiracy that defendant **Francisco Flores, Jr., a/k/a "Tank"** would obtain bulk quantities of "ice" methamphetamine from various sources of supply including defendant **Moises Lopez, a/k/a "Moy"** and from others known to the Grand Jury including Mario Beltran, Jorge Salinas, and Jose Amaya, each of whom is named but not indicted.

4. It was a part of the conspiracy that defendant **Francisco Flores, Jr., a/k/a "Tank"** would distribute "ice" methamphetamine to others including defendant **John Grote, a/k/a "Jeb"** as well as others known to the Grand Jury, including Christopher

Almaguer, a/k/a "Toothpick", and Rufino Deleon, a/k/a "Fino", and Jeffrey Wade Borho, and William Chen Salee, each of whom is named herein but not indicted.

5. It was a part of the conspiracy that defendant **Francisco Flores, Jr., a/k/a "Tank"** would open and maintain places for the purpose of selling, storing, and using "ice" methamphetamine, including 1806 Mountain Creek Parkway, Grand Prairie, Texas (known as the "Glass House"), 2526 Skyway, Grand Prairie, Texas (known as the "Studio"), 3017 Playa Vista, Dallas, Texas, 5027 Stagecoach Drive, Grand Prairie, Texas, and 329 Grenoble, Grand Prairie, Texas.

6. It was a part of the conspiracy that defendant **John Barrett Grote, a/k/a "Jeb"**, would make his residence located at 7125 Araglin Court, Dallas, Texas available to other conspirators for storing "ice" methamphetamine for distribution to others and for storing and secreting the proceeds of the trafficking of "ice" methamphetamine.

7. It was a part of the conspiracy that defendant **Chelsea Lane Coffman** would use her residence, and make it available to other conspirators, for storing "ice" methamphetamine for distribution to others and for storing and secreting the proceeds of the trafficking of "ice" methamphetamine.

8. It was a part of the conspiracy that the conspirators would carry firearms.

9. It was a part of the conspiracy that the conspirators would use the proceeds of the trafficking of "ice" methamphetamine to obtain more "ice" methamphetamine for distribution.

10. It was a part of the conspiracy that the membership of the conspiracy, and the roles, responsibilities, and authority of the conspirators would change from time to time. Alliances among the conspirators would form or be broken. The organization of the conspiracy was fluid.

11. It was a part of the conspiracy that the proceeds of the sale and distribution of "ice" methamphetamine would be used to purchase or lease, and to maintain, cellular telephones, vehicles, residences, and other personal property utilized in the business of the sale and distribution of "ice" methamphetamine.

12. It was a part of the conspiracy that the conspirators would communicate by voice and text using cellular telephones.

13. It was a part of the conspiracy that the conspirators would allow other conspirators to use their residences and their vehicles in carrying on the sale and distribution of "ice" methamphetamine.

### *Overt Acts*

In furtherance of the conspiracy and to effect the objects thereof, the following Overt Acts, among others were committed by the conspirators:

a. On or about June 21, 2000, in Dallas County, Texas, defendant **Francisco Flores, Jr., a/k/a "Tank"** possessed with intent to distribute more than 2 kilograms of a mixture and substance containing methamphetamine, a Schedule II controlled substance.

b. On or about January 6, 2001 defendant **Francisco Flores, Jr., a/k/a "Tank"**

and defendant **Priscilla Pena** purchased a 2001 Chevrolet Corvette from Frank Parra Chevrolet, 1000 East Airport Freeway, Irving, Texas, making a down payment of $18,000 in United States currency, which money was the proceeds of the sale and distribution of "ice" methamphetamine.

   c. On or about January 9, 2003 in Tarrant County, Texas defendant **Francisco Flores, Jr., a/k/a "Tank"** possessed 4.3 grams of a mixture and substance containing methamphetamine, a .45 caliber pistol, and $9,290 in United States Currency.

   d. On or about April 15, 2003 defendant **Francisco Flores, Jr., a/k/a "Tank"** caused to be distributed to Jeffrey Wade Borho, approximately 669.4 grams of a mixture and substance containing 598.255 grams of pure methamphetamine.

   e. On or about July 2, 2003 defendant **Francisco Flores, Jr., a/k/a "Tank"** possessed 13.28 grams of a mixture and substance containing a detectable amount of methamphetamine, a 9mm handgun, and $2,890 in United States currency.

   f. On or about July 2, 2003 defendant **John Barrett Grote, a/k/a "Jeb"**, purchased a cashier's check in the amount of $9,500 made payable to CBB, Inc. for the purpose of securing the release of defendant **Francisco Flores, Jr., a/k/a "Tank"** from jail.

   g. On or about July 15, 2003, defendant **Chelsea Lane Coffman** leased the premises of Apartment 6N, 4777 Cedar Springs Road, Dallas, Texas.

   h. On or about July 17, 2003 defendant **Moises Lopez, a/k/a "Moy"** distributed

approximately one pound of "ice" methamphetamine to defendant **Francisco Flores, Jr., a/k/a "Tank"** in exchange for a 2003 Hummer H2 owned by **Flores.**

i. On or about July 17, 2003 defendant **Moises Lopez, a/k/a "Moy"** possessed with intent to distribute 455 grams of a mixture and substance containing 186.55 grams of pure methamphetamine and over $16,000 in United States Currency at the El Conejo bus station in Dallas, Texas.

j. On or about September 3, 2003, in Arlington, Texas, defendant **Francisco Flores, Jr., a/k/a "Tank"** was stopped by the police for a traffic violation and attempted to flee from the police.

k. On or about February 1, 2004, defendant **Chelsea Lane Coffman** leased the premises of Apartment 4208, 4400 West University Blvd., Dallas, Texas.

l. On or about April 28, 2004, defendant **Chelsea Lane Coffman** drove from Dallas, Texas to Weatherford, Texas to pay certain probation fees owed by Jose Amaya.

m. On or about April 28, 2004 defendant **Chelsea Lane Coffman** drove Jose Amaya from 4400 West University Blvd., Dallas, Texas to an apartment complex near 1121 Beachview, Dallas, Texas in order to obtain a quantity of "ice" methamphetamine.

All in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

**Indictment - Page 6**

## Count Two
### Engaging in Monetary Transactions In Property
### Derived from Specified Unlawful Activity
### (A violation of 18 U.S.C. § 1957(a))

On or about January 6, 2001, in the Dallas Division of the Northern District of Texas, defendant **Francisco Flores, Jr., a/k/a "Tank"** and defendant **Priscilla Pena**, did knowingly engage in a monetary transaction in criminally derived property of a value greater than ten thousand dollars ($10,000) which property was derived from a specified unlawful activity; that is to say that the defendants did knowingly tender eighteen thousand dollars ($18,000) in United States currency to Frank Parra Chevrolet Autoplex, a business engaged in vehicle sales, in partial payment for a 2001 Chevrolet Corvette, and such United States currency was, as the defendants well knew, property derived from the felonious receiving, concealment, buying, sell, and otherwise dealing in "ice" methamphetamine, a controlled substance, in violation of the laws of the United States.

      A violation of 18 U.S.C. § 1957(a).

Count Three
Possession of more than 50 grams of Methamphetamine
With Intent to Distribute
(A violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A))

On or about July 17, 2003, in the Dallas Division of the Northern District of Texas, defendant **Moises Lopez, a/k/a "Moy"** did intentionally and knowingly possess with intent to distribute 455 grams of a mixture and substance containing 186.55 grams of pure methamphetamine, a schedule II controlled substance.

A violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

## Count Four
### Maintaining Drug Involved Premises
(A violation of 21 U.S.C. §§ 856(a)(1) and 856(a)(2))

Commencing on or about July 15, 2003 and continuing thereafter until on or about February 1, 2004, in the Dallas Division of the Northern District of Texas, **Chelsea Lane Coffman**, defendant, did intentionally and knowingly open, lease, rent, use, and maintain a place, namely Apartment 6N, 4777 Cedar Springs Road, Dallas, Texas, for the purpose of distributing and using the controlled substance "ice" methamphetamine; and, as lessee of such place, did manage and control such place, and did knowingly and intentionally make such place available for the purpose of unlawfully storing, distributing and using the controlled substance "ice" methamphetamine.

A violation of 21 U.S.C. §§ 856(a)(1) and 856(a)(2).

## Count Five
### Maintaining Drug Involved Premises
(A violation of 21 U.S.C. §§ 856(a)(1) and 856(a)(2))

Commencing on or about February 1, 2004 and continuing thereafter until on or about April 28, 2004, in the Dallas Division of the Northern District of Texas, **Chelsea Lane Coffman**, defendant, did intentionally and knowingly open, lease, rent, use, and maintain a place, namely Apartment 4208, 4400 West University, Dallas, Texas, for the purpose of distributing and using the controlled substance "ice" methamphetamine; and, as lessee of such place, did manage and control such place, and did knowingly and intentionally make such place available for the purpose of unlawfully storing, distributing and using the controlled substance "ice" methamphetamine.

A violation of 21 U.S.C. §§ 856(a)(1) and 856(a)(2).

## Count Six
### Maintaining Drug Involved Premises
### (A violation of 21 U.S.C. §§ 856(a)(1) and 856(a)(2))

Commencing on or about September 1, 2002, the exact date being unknown, and continuing thereafter until on or about February 1, 2004, in the Dallas Division of the Northern District of Texas, **John Barrett Grote, a/k/a "Jeb",** defendant, did intentionally and knowingly open, lease, rent, use, and maintain a place, namely, his residence located at 7125 Araglin Court, Dallas, Texas , for the purpose of distributing and using the controlled substance "ice" methamphetamine; and, as owner of such place, did manage and control such place, and did knowingly and intentionally make such place available for the purpose of unlawfully storing, distributing and using the controlled substance "ice" methamphetamine.

A violation of 21 U.S.C. §§ 856(a)(1) and 856(a)(2).

## FORFEITURE ALLEGATIONS

1. Upon conviction of the offense alleged in Count One of this Indictment, the defendants **Francisco Flores, Jr., a/k/a "Tank", Moises Lopez, a/k/a "Moy", John Barrett Grote, a/k/a "Jeb",** and **Chelsea Lane Coffman,** shall forfeit to the United States in accordance with 21 U.S.C. § 853 any property constituting, or derived from proceeds obtained, directly or indirectly, by the said defendants, as a result of the said violation and any of their property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation, including but not limited to the following:

    a. A sum of money equal to $3,000,000 in United States currency, representing the amount of proceeds obtained as a result of said offense, for which the defendants are jointly and severally liable.

2. Upon conviction of the offense alleged in Count One or Count Six of this Indictment, the defendant **John Barrett Grote, a/k/a "Jeb",** shall forfeit to the United States in accordance with 21 U.S.C. § 853 any property constituting, or derived from proceeds he obtained, directly or indirectly, as a result of the said violation and any of his property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation, including but not limited to the following:

    a. All of that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 7125 Araglin Court, Dallas, Texas, 75230, and more particularly described as follows: Being Lot 3,

Block G/7464 of Araglin Court, an Addition of the City of Dallas, Dallas County, Texas, according the to Plat thereof recorded in Volume 97066, Page 2780, Map Records, Dallas, County, Texas.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s) :

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) to seek forfeiture of any other property of the said defendant(s) up to the value of the forfeitable property described above.

                                  A TRUE BILL

RICHARD B. ROPER
UNITED STATES ATTORNEY

*[signature]*

FREDERICK M. SCHATTMAN
Assistant United States Attorney
State Bar of Texas No. 17728400
Burnett Plaza, Suite 1700
801 Cherry Street, Unit # 4
Fort Worth, Texas 76102
Telephone: 817.252.5200
Facsimile: 871.978.3094

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

**Related Case Information**

Superseding Indictment: ☐ Yes ☒ No    New Defendant: ☐ Yes ☒ No

Pending CR Case in NDTX: ☒ Yes ☐ No    If Yes, number: _____

Search Warrant Case Number _____

R 20 from District of _____

Magistrate Case Number 4:04-023-MJ

1. **Defendant Information**

   Juvenile: ☐ Yes ☒ No

   Matter to be sealed: ☒ Yes ☐ No

   Defendant Name: PRISCILLA PENA (5)

   Alias Name: _____

   Address: _____

   County in which offense was committed: _____

   *[RECEIVED stamp MAR 2 2005, CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS]*

   *[Case number stamp: 305 CR - 30 - K]*

2. **U.S. Attorney Information**

   AUSA Fred Schattman      Bar # TX Bar No. 00793931

3. **Interpreter**

   ☐ Yes ☒ No    If Yes, list language and/or dialect: _____

4. **Location Status**

   Arrest Date: **Issue arrest warrant**

   ☐ Already in Federal Custody as of _____ in _____
   ☒ Already in State Custody
   ☐ On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant: 1    ☐ Petty    ☐ Misdemeanor    ☒ Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 1957(a) | Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity | 2 |

Date: 1 March 2005      Signature of AUSA: *[signature] Frederick M. Schattman*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

**Related Case Information**

Superseding Indictment: ☐ Yes ☒ No    New Defendant: ☒ Yes ☐ No

Pending CR Case in NDTX: ☐ Yes ☒ No   If Yes, number: _____

Search Warrant Case Number _____

R 20 from District of ____ **305 CR-30-K**

Magistrate Case Number _____

RECEIVED MAR 2 2005 CLERK, U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS

**305 CR-30-K**

1. **Defendant Information**

   Juvenile: ☐ Yes ☒ No

   Matter to be sealed: ☒ Yes ☐ No

   Defendant Name: **CHELSEA LANE COFFMAN (4)**

   Alias Name: _____

   Address: _____

   County in which offense was committed: _____

2. **U.S. Attorney Information**

   AUSA Fred Schattman    Bar # TX Bar No. 00793931

3. **Interpreter**

   ☐ Yes  ☒ No    If Yes, list language and/or dialect: _____

4. **Location Status**

   Arrest Date: **Issue arrest warrant**

   ☐ Already in Federal Custody as of _____ in _____
   ☐ Already in State Custody
   ☐ On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant: 3    ☐ Petty  ☐ Misdemeanor  ☒ Felony

   | Citation | Description of Offense Charged | Count(s) |
   |---|---|---|
   | 21 U.S.C. §§ 846 and 841(b)(1)(A) | Conspiracy to Possess with Intent to Distribute and to Distribute More than 50 grams of Methamphetamine | 1 |
   | 21 U.S.C. §§ 856(a)(1) and 856(a)(2) | Maintaining Drug Involved Premises | 4 & 5 |

   Date: 1 March 2005    Signature of AUSA: _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

**Related Case Information**

Superseding Indictment: ☐ Yes ☒ No    New Defendant: ☒ Yes ☐ No

Pending CR Case in NDTX: ☐ Yes ☒ No   If Yes, number: _____

Search Warrant Case Number _____

R 20 from District of _____  **305 CR-30-K**

Magistrate Case Number _____

1. **Defendant Information**

   Juvenile: ☐ Yes ☒ No

   Matter to be sealed:

   ☒ Yes ☐ No

   Defendant Name: **JOHN BARRETT GROTE (3)**

   Alias Name: **JEB**

   Address: _____

   305 CR-30-K

   RECEIVED MAR 2 2005
   CLERK, U S DISTRICT COURT
   NORTHERN DISTRICT OF TEXAS

   County in which offense was committed: _____

2. **U.S. Attorney Information**

   AUSA Fred Schattman                Bar # TX Bar No. 00793931

3. **Interpreter**

   ☐ Yes ☒ No   If Yes, list language and/or dialect: _____

4. **Location Status**

   Arrest Date: **Issue arrest warrant**

   ☐ Already in Federal Custody as of _____ in _____
   ☐ Already in State Custody
   ☐ On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant: 2    ☐ Petty   ☐ Misdemeanor   ☒ Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 21 U.S.C. §§ 846 and 841(b)(1)(A) | Conspiracy to Possess with Intent to Distribute and to Distribute More than 50 grams of Methamphetamine | 1 |
| 21 U.S.C. §§ 856(a)(1) and 856(a)(2) | Maintaining Drug Involved Premises | 6 |

Date  /March 2005          Signature of AUSA: _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

**Related Case Information**

Superseding Indictment: ☐ Yes ☒ No   New Defendant: ☐ Yes ☒ No

Pending CR Case in NDTX: ☒ Yes ☐ No   If Yes, number: _____

Search Warrant Case Number _____

R 20 from District of _____

Magistrate Case Number  4:05-014-MJ

1. **Defendant Information**

   Juvenile: ☐ Yes ☒ No

   Matter to be sealed:
   ☒ Yes ☐ No

   Defendant Name     MOISES LOPEZ (2)

   Alias Name         MOY

   Address            _____

   County in which offense was committed: _____

2. **U.S. Attorney Information**

   AUSA Fred Schattman              Bar #  TX Bar No. 00793931

3. **Interpreter**

   ☒ Yes ☐ No   If Yes, list language and/or dialect:  Spanish

4. **Location Status**

   Arrest Date: **Issue arrest warrant (Arrested January 31, 2005)**

   ☒ Already in Federal Custody as of  01/31/05  in  Fort Worth
   ☐ Already in State Custody
   ☐ On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant:  2      ☐ Petty  ☐ Misdemeanor  ☒ Felony

   | Citation | Description of Offense Charged | Count(s) |
   |---|---|---|
   | 21 U.S.C. § 846 | Conspiracy to Possess with Intent to Distribute | 1 |
   | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) | ~~Distribute~~ *Possession with Intent to Distribute* More than 50 grams of Methamphetamine | 3 |

   Date  1 March 2005     Signature of AUSA: _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

**Related Case Information**

Superseding Indictment: ☐ Yes ☒ No    New Defendant: ☐ Yes ☒ No

Pending CR Case in NDTX: ☒ Yes ☐ No   If Yes, number: _____

Search Warrant Case Number **305 CR- 30 -K**

R 20 from District of _____

Magistrate Case Number  4:04-018-MJ _____

1. **Defendant Information**

   Juvenile: ☐ Yes ☒ No

   Matter to be sealed:

   ☒ Yes    ☐ No

   Defendant Name    FRANCISCO FLORES, JR (1)    **305 CR- 30 -K**

   Alias Name    TANK

   Address _____

   _____

   County in which offense was committed: _____

   RECEIVED MAR 2 2005 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

2. **U.S. Attorney Information**

   AUSA Fred Schattman         Bar # TX Bar No. 17728400

3. **Interpreter**

   ☐ Yes ☒ No    If Yes, list language and/or dialect: _____

4. **Location Status**

   Arrest Date: **Issue arrest warrant**

   ☒ Already in Federal Custody as of  February 19, 2004  in  Fort Worth

   ☐ Already in State Custody
   ☐ On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant: 2    ☐ Petty    ☐ Misdemeanor    ☒ Felony

   | Citation | Description of Offense Charged | Count(s) |
   |---|---|---|
   | 21 U.S.C. §§ 846 and 841(b)(1)(A) | Conspiracy to Possess with Intent to Distribute and to Distribute More than 50 grams of Methamphetamine | 1 |
   | 18 U.S.C. § 1957(a) | Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity | 2 |

Date  1 March 2005         Signature of AUSA: _____